CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 30 2005
JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES F. HUGHES, #195093,<br>    Plaintiff, | Civil Action No. 7:05cv00594 |
| v. | **MEMORANDUM OPINION** |
| NOTTOWAY CORERCTIONAL<br>CENTER, et al.,<br>    Defendants. | By: Jackson L. Kiser<br>Senior U.S. District Judge |

Plaintiff James F. Hughes, # 195093, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, plaintiff alleges that while incarcerated at Nottoway Correctional Center, despite his repeated requests to be transferred from his current cell assignment, correctional officers have refused to approve his transfer. As a result, he has been forced to endure "stare downs" and verbal abuse. Additionally, plaintiff indicates that he is concerned for his personal safety as long as he remains housed in that pod.

As relief, Hughes seeks an immediate release from segregation and injunctive relief and monetary damages. After reviewing his complaint, I find that Hughes has failed to exhaust his available administrative remedies and that even if exhausted, he has failed raise any claim of constitutional magnitude. Accordingly, I find that his claims must be dismissed pursuant to 28 U.S.C. 28 U.S.C. § 1997(e)(a) and § 1915A(b)(1).

    I.    **Analysis**

As a threshold matter the Nottoway Correctional Center is not a state actor and therefore, it is not a proper defendant in a § 1983 action. However, even if plaintiff was given an opportunity to

amend to name proper state actors, he would still not be entitled to relief because he fails to allege any injury or ongoing constitutional violation for which relief is warranted.

Under 42 U.S.C. § 1997e(a), exhaustion of administrative remedies is a precondition to the filing of a prisoner's civil rights action; thus, a plaintiff who filed his lawsuit before exhausting administrative remedies cannot satisfy the §1997e(a) requirement, even if he later demonstrates that he filed a grievance and appealed it to the highest extent of the prison's grievance procedure after commencing the lawsuit. See Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999). The United States Supreme Court has held that Section 1997e(a) applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," Nussle v. Porter, 534 U.S. 516, 122 S. Ct. 983, 992 (2002), and whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies, Booth v. Churner, 532 U.S. 731, 121 S. Ct. 1819 (2001).

In as much as Hughes admits that he did not appeal the denial of his request to be transferred to the highest level available to him within the prison grievance procedure for this claim, he fails to demonstrate that he has complied with pre-filing requirements. Furthermore, even if Hughes could establish that he had exhausted all his available administrative remedies, he has failed to raise any issue of constitutional magnitude.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of

state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

To the extent that Hughes' claims that correctional officers' refusal to honor his requests to be transferred can be construed as a failure to protect claim, it fails. Generally, prison officials have a duty to protect prisoners from violence at the hands of other inmates. Farmer v. Brennan, 511 U.S. 825, 833 (1994). However, not every incident of violence subjects prison officials to liability under the Eight Amendment. Id. at 834. Rather, the inmate must show that prison officials were deliberately indifferent to a substantial risk of serious harm. Id. Deliberate indifference requires a showing that defendants were more than just negligent as to the plaintiff's safety. Estelle v. v. Gamble, 492 U.S. 97, 104 (1976). Specifically, plaintiff must show that prison officials knew of and disregard an excessive risk of harm. Farmer, 511 U.S. at 838.

Plaintiff alleges that due to the decision not to transfer him, he has been forced to endure "stare downs," verbal abuse, and general concerns for his safety. Plaintiff has provided no evidence to support his safety concerns. He has not alleged any specific inmate or specific occurrence caused his concerns nor has he alleged that prison officials were knew that any inmate within plaintiff's housing unit posed any significant threat to plaintiff. Plaintiff has not alleged that his cell mate or pod mates had an established pattern of violence or aggression nor that prison officials were aware of any propensity for violence. In each of his requests for a cell change and informal complaint forms, Hughes merely states that he does not "get along" with his cell mate and that he has been unable to secure a job in that housing unit. Furthermore, plaintiff has not alleged that he has suffered

3

any serious harm as a result of the failure to grant a transfer. Plaintiff does state that there was an "altercation" during which he was injured and subsequently placed in segregation. However, he has not alleged any facts which suggest he was not a willing or active participant in the altercation nor that he was seriously injured. Therefore as Hughes has failed to present any evidence which suggest defendants were deliberately indifferent to a substantial risk of serious harm, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Additionally, to the extent Hughes argues that prison officials' refusal to honor his request to be transferred to another housing unit resulted in cruel and unusual living conditions, it too is unavailing. Although the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981) As a result, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate not only that the living conditions violated contemporary standards of decency, but also that prison officials acted with deliberate indifference to such conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Moreover, plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). While Hughes may have preferred to be housed in another unit where there were more job opportunities, he has not alleged anything to suggest that the refusing to transfer him to that unit violated contemporary standards of

decency. Furthermore, plaintiff has not presented any evidence which suggests that because of that refusal he has sustained a serious or significant injury or is at risk of a future injury. Therefore, he has failed to state a constitutional claim under the Eighth Amendment. Accordingly, these claims will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Finally, the court notes that a prisoner has no due process right to be housed in any particular facility or any unit within a particular facility. See Meachum v. Fano, 427 U.S. 215, 223-24 (1976). Accordingly, to the extent Hughes claims could be construed to allege a due process violation, they too are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## II. Conclusion

Based on the foregoing, I find that Hughes has not presented any claims on which relief can be granted and I will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1997(e)(a) and § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER:** This 30Th day of September, 2005.

Senior United States District Judge